

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| WERNER ENTERPRISES, INC. | PLAINTIFF |
| VS. | CAUSE NO.: 1:20cv70LG-RHW |
| SMC TRANSPORT, LLC; HG COMPANIES & ASSURANCE LLC; and UNITED SPECIALTY INSURANCE COMPANY | DEFENDANTS |

## COMPLAINT

Plaintiff Werner Enterprises, Inc. ("Werner" or "Plaintiff") files its Complaint against Defendants SMC Transport, LLC; HG Companies & Assurance LLC; and United Specialty Insurance Company ("SMC'"; "HG Companies"; "United Specialty"; and/or "Defendants") as follows:

### PARTIES, JURISDICTION AND VENUE

1. Werner Enterprises, Inc., (sometimes referred to hereinafter as "Werner"), is a non-resident domestic corporation, incorporated in Nebraska with a principal place of business in Nebraska and corporate offices located at 14507 Frontier Rd., Omaha, Nebraska.

2. SMC Transport, LLC, (sometimes referred to hereinafter as "SMC"), is a non-resident Limited Liability Company incorporated in Texas and with a principal place of business at 805 American St., Weslaco, Texas 78596.

3. The incorporation document of SMC Transport, LLC delineates that it is to be managed by managers rather than members.

1

4. Upon information and belief, the managers and members of SMC Transport, LLC are resident citizens of the State of Texas as follows: Sergio Cuellar, 2309 Largo St., Weslaco, Texas, 78596; Keshia Guerrero, 2309 Largo St., Weslaco, Texas 78596 and/or Hector Quintanilla, 805 America St., Weslaco, Texas 78596.

5. SMC Transport, LLC may be served with process through its registered agent Sergio Cuellar at 2309 Largo St., Weslaco, Texas 78596.

6. SMC Transport, LLC may also be served with process through the Secretary of State as authorized under Mississippi's Motor Carrier Statutes and related Long-Arm Statutes.

7. SMC Transport, LLC operates in Mississippi for the purpose of pecuniary profit and is otherwise qualified to do business in the State of Mississippi.

8. HG Companies & Assurance LLC (sometimes referred to hereinafter as "HG Companies" is a Texas Limited Liability Company whose principal place of business is 508 W. Expressway 83, Suite 1, Pharr, Texas 78577.

9. HG Companies & Assurance LLC may be served with process on its registered agent Homero Garcia, Jr. at 2045 E. Price Road, Suite 71, Brownsville, Texas 78521.

10. United Specialty Insurance Company, (sometimes referred to hereinafter as "United Specialty"), is a non-resident privately held business with its principal place of business at L. Don Dodson Dr., Bedford, Texas 76021.

11. United Specialty may be served with process through its registered agent National Registered Agents, Inc., 1108 E. South Union Avenue, Midvale, UT 48047.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441 and

1446, in that there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

13. Defendants have transacted business in Mississippi, committed tortious acts in Mississippi, made or performed contracts in Mississippi, and made promises substantially connected to Mississippi. Therefore, this Court has personal jurisdiction over the Defendants.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

15. On October 3, 2017 Kim Mills crashed into the rear of an SMC tractor pulling a Werner trailer on Interstate 59 in south Mississippi. Ms. Mills died as a result of the crash.

16. On June 21, 2018, Dustin Riggio filed a Complaint on behalf of the wrongful death beneficiaries of Kim Mills against Werner, SMC and Israel Pruneda in *Dustin Riggio et al vs. Israel Pruneda, SMC Transport, LLC, Werner Enterprises, Inc. et al*; Civil Action No. 1:18cv218-LG-RHW. Riggio's claim against Werner *inter alia* was that its trailer was unsafe because its DOT rear impact bumper malfunctioned.

17. At the time of the incident, there were two existing contracts in full force and effect between Werner and SMC. These two contracts were: (1) Broker-Carrier contract dated February 4, 2015 (appended as *Ex. A*) and (2) Trailer Interchange contract dated February 4, 2015 (appended as *Ex. B*). The terms of these contracts are incorporated herein by reference.

18. As a part of these contracts, SMC agreed to indemnify, defend and hold Werner harmless from "any claims for damages arising from and against any and all loss, cost, damage, expense, suits and claims for injury to persons, (including injuries resulting in death) and damage to property where such loss, cost, damage, expense, suits and claims arises out of or in connection

3

with User's [SMC] use of Werner trailers as specified in this Agreement...." (See *Ex. A* at ¶ 9 and *Ex. B* at ¶ 4).

19. As a part of these contracts, SMC also agreed to obtain certain insurance policies to protect it and Werner from any losses arising out of the contracts and SMC's use of Werner's trailers. The Trailer Interchange contract provides that "All such insurance policies shall name Werner as an additional insured thereon." (See *Ex. A* at ¶ 8 and *Ex. B* at ¶ 5).

20. The insurance policy obtained by SMC for liability claims was through United Specialty. The September 11, 2017 Certificate of Liability Insurance lists Werner as a certificate holder on said policy and lists Werner as an "Additional Insured" under the policy. (See *Ex. C* appended).

21. On July 23, 2018, Werner was served with process in the lawsuit by Riggio.

22. On July 31, 2018, Werner provided SMC and United Specialty with written notice of the Riggio's claims and tendered the defense of Werner to SMC and United Specialty. United Specialty's attorney George T. Jackson was copied on said correspondence. (See *Ex. D* appended). SMC provided written confirmation of its receipt of said written notice, while also confirming that it would forward said notice to United Specialty. (See *Ex. E* appended).

23. Neither SMC nor United Specialty responded to Werner's tender by accepting or rejecting the tender.

24. In its Answer to the Riggio complaint, Werner cross-claimed for indemnity against SMC.

25. Werner, SMC and United Specialty subsequently agreed to stay the issue of indemnity and defense until the underlying case was decided as to Werner.

26. On November 15, 2019, the district court granted summary judgment to Werner, holding that Werner was entitled to dismissal from the lawsuit as a matter of law on the grounds that it had done nothing wrong. As a result of its participation in said lawsuit, Werner incurred attorney's fees and expenses in the approximate amount of $230,000.00.

27. On December 9, 2019, Werner delivered to SMC and United Specialty a demand letter, seeking indemnity and reimbursement of its attorney's fees and expenses. (See *Ex. F* appended).

28. As of the date of the fling of this Complaint, neither SMC nor United Specialty has responded.

## COUNT I - CONTRACTUAL INDEMNITY

29. Plaintiff re-alleges and incorporates the allegations of fact and law contained in paragraphs 1-28 above by reference.

30. SMC contractually agreed to defend and indemnify Werner, creating in Werner a right to seek indemnity from SMC for any and all costs of litigation, litigation expenses, attorney's fees, and any damages awarded, if any, arising from the Riggio litigation.

31. SMC also contractually agreed to procure commercial general liability insurance coverage for the benefit of Werner. Pursuant to the Certificate of Liability Insurance issued by United Specialty on September 11, 2017, Werner was listed as an "Additional Insured" under SMC's policy, creating a duty by United Specialty to defend and indemnify Werner in the underlying action.

32. Both SMC and United Specialty breached their duties to defend and indemnify Werner by refusing to accept Werner's tender and to defend it against the Riggio claims.

33. Werner now claims indemnity from SMC and United Specialty for all monetary expenses of the underlying Riggio litigation, these litigation expenses, and attorney's fees for both cases.

34. In addition to being expressly listed as an additional named insured on the United Specialty policy of insurance, Werner is a defined insured under the Trucker's Coverage Form of the United Specialty policy since its trailer was being hauled at the time of the accident by a covered "auto". See *Ex. G*, Symbol 46 for Master Policy number: MAT-000 3500, Certificate Number 30889.

35. Additionally, Werner qualifies as an Insured under the United Specialty policy's provision "Who is an Insured?" which reads in pertinent part:

> ... c. The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit ...

See *Ex. G*, CA 00 12 0306, page 3 of 14. The SMC trailer was an "auto" insured by the United Specialty policy.

36. Additionally, the United Specialty policy specifically provides coverage to Werner pursuant to the Trucker's Uniform Intermodel Interchange Endorsement Form U11E-1 appended to the policy CA 23 17 10 13.

37. Therefore, both SMC and United Specialty breached their respective duties to Werner and Werner has been consequently damaged.

## COUNT II – BAD FAITH

38. Plaintiff re-alleges and incorporates the allegations of fact and law contained in paragraphs 1-37 above by reference.

39. There exists in every insurance contract an implied covenant of good faith and fair dealing.

40. Pursuant to the implied covenant of good faith and fair dealing, United Specialty had a duty to act consistently with the terms of the insurance contact and the justified expectations of Werner.

41. United Specialty never responded to Werner's request for coverage not its tender of the defense and request for indemnity.

42. United Specialty acted in bad faith and breached the implied covenant of good faith and fair dealing by refusing to respond, defend or indemnify and reimburse Werner for any and all costs of litigation, litigation expenses, and attorney's fees.

43. Despite having been provided with written notice of the claims and having been tendered the defense of Werner at the outset of the litigation, United Specialty never accepted or denied the coverage request and failed and refused to defend Werner. Further, following the conclusion of the litigation, after receiving a demand for indemnification and reimbursement of attorney fees and expenses totaling approximately $230,000.00, United Specialty failed and refused to respond or to pay what it owes.

44. Werner would show that United Specialty had no arguable or legitimate basis to ignore or deny Werner's claim for indemnification and reimbursement of attorney fees and expenses.

45. Werner would further show that United Specialty acted with reckless disregard for

7

Werner's rights as an insured in denying its claim for a defense, indemnification and reimbursement and that these actions were in bad faith and constitute an independent tort that injured and continues to injure Werner.

## COUNT III – THIRD PARTY BENEFICIARY LIABILITY

46. Plaintiff re-alleges and incorporates the allegations of fact and law contained in paragraphs 1-45 above by reference.

47. HG Companies had a duty to SMC to provide SMC the insurance coverage SMC purchased, desired and contractually agreed to provide Werner pursuant to the two contracts referenced above.

48. Werner was a third-party beneficiary to SMC's purchase of coverage through HG Companies.

49. SMC relied upon its producer HG Companies to provide the insurance SMC was contractually responsible to provide Werner pursuant to SMC's contracts with Werner.

50. Werner relied upon SMC and HG Companies to insure that Werner was in fact named as an additional insured and covered under United Specialty's policy of liability insurance so that it would be entitled to defense and indemnity for the claims by Riggio in the underlying suit.

51. If HG Companies failed to provide the insurance coverage desired and purchased by SMC, it breached its duty to SMC and Werner. If for that reason Werner is not entitled to recover its defense costs incurred in the defense of the underlying claim from United Specialty, then HG Companies was negligent and Werner was damaged and Werner is entitled to recover its damages from HG Companies.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief from this Court:

1. For judgment in favor of Werner and against the Defendants finding that Defendants breached their contracts with Werner and duties to it.

2. For judgment in favor of Werner and against Defendant United Specialty finding that Defendant breached its implied covenant of good faith and fair dealing.

3. For judgment in favor of Werner and against Defendant United Specialty finding that in refusing to defend, indemnify and reimburse Plaintiff, Defendant acted in bad faith.

4. For a monetary judgment against Defendants in an amount to be proven at trial for the direct, indirect, consequential, and incidental damages sustained by Werner as a result of the Defendants' actions, to include all of the actual attorney fees and costs that have been incurred in defending the underlying action and will be incurred by Werner in the instant action.

5. For punitive damages and attorney fees to be levied against SMC and United Specialty in an amount to be determined by the finder of fact.

6. For pre-judgment and post-judgment interest at the maximum rate allowed by law on all amounts owed to Werner.

7. For such other and further equitable and/or legal relief as the Court deems just and proper.

[THIS SPACE INTENTIONALLY LEFT BLANK.]

THIS the \_\_19\_\_ day of February, 2020.

                              Respectfully submitted,

                              WERNER ENTERPRISES, INC.

                              By Its Attorneys,

                              DunbarMonroe, PLLC

                              _____
                              David C. Dunbar

OF COUNSEL:
David C. Dunbar (MSB#6227)
dcdunbar@dunbarmonroe.com
Kim D. McCormack (MSB #100029)
kmccormack@dunbarmonroe.com
DunbarMonroe, PLLC
270 Trace Colony Park, Suite A
Ridgeland, MS  39157
601-898-2073 Office
601-898-2074 Facsimile